TM

PROMO ©

vijay k. toke
vijay@cobaltlaw.com
510.841.9800

FILED VIA ECF

June 11, 2015

Hon. Cathy Seibel
United States Judge
Charles L. Brieant United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

RE: *The Wave Studio, LLC v. American Express Company*
Case No. 7:15-cv-03420-CS

*The Wave Studio, LLC v. General Hotel Management Ltd., et al.*
Case No. 7:13-cv-09239-CS-PED

Dear Judge Seibel:

Plaintiff, The Wave Studio LLC, submits this letter in response to Defendant American Express Company's ("Amex") pre-letter motion to the Court of May 27, 2015 requesting a pre-motion conference on Amex's intended motion to consolidate this action with The Wave Studio, LLC v. General Hotel Management Ltd., et al., Case No. 7:13-CV-9239-CS-PED ("GHM Litigation").

Simply put, Plaintiff is not averse to consolidation if Amex can provide evidence that it received the photographs in question in this case from General Hotel Management, Ltd. ("GHM").

Absent actual evidence that the foregoing is the case, Plaintiff has no basis to believe or agree there are (1) common questions, (2) common legal issues, or (3) factual content that supports such consolidation under Federal Rule of Civil Procedure 42(a). Indeed, absent such evidence, and therefore assuming Amex has received the infringing photographs from another third party source, Amex's infringement is independent and, as a result, wholly unrelated to the GHM Litigation. Accordingly, Plaintiff cannot agree to consolidation.

As Plaintiff has done with the MasterCard case transferred to this District from the Northern District of California in Fall 2014, Plaintiff reasonably requires evidence from Amex regarding the source of the infringing photographs. The Court agreed with such a procedure, and ordered MasterCard to produce such evidence for Plaintiff's review and



Lawyers in Advertising, Promotions & Intellectual Property
cobaltlaw.com

918 Parker Street, Bldg A21
Berkeley, CA 94710

P.510.841.9800
F.510.295.2401

Hon. Cathy Seibel
June 11, 2015
Page 2

consideration prior to filing a motion to consolidate. Plaintiff requests the same here. If such evidence establishes that GHM was the source of the infringing photographs, Plaintiff would give consideration to a stipulation to consolidate.

Notwithstanding the foregoing, Plaintiff asserts that a stay as to parties that did not receive the photographs from GHM is not appropriate. Infringing photographs from unknown sources (i.e., not GHM) are not related in any way to GHM. As to those defendants, the issues currently being litigated with GHM are irrelevant, and the stay is not appropriate. Therefore, unless the Court determines that the evidence submitted by Amex with its motion to consolidate establishes that GHM was the source of the infringing photographs (or Plaintiff stipulates to consolidation on that basis), Plaintiff does not agree that Amex should be subject to the stay currently in place, even if this case is consolidated with the GHM litigation.[1]

Respectfully submitted,

COBALT LLP

Vijay K. Toke

VKT/na

---

[1] Plaintiff takes no position as to the propriety of the stay currently in place, agreed to by Plaintiff's prior counsel, and is therefore not requesting that the current stay be lifted as to any currently named defendants. However, Plaintiff reserves the right to challenge the stay at a later date. In the meantime, Plaintiff requests that with any defendants added to the GHM Litigation—by amendment, consolidation, or otherwise—that such defendants be required to provide evidence of where they obtained the infringing photographs to determine whether or not they should be subject to the stay.