

**ANTHONY T. PIERCE**
+1 202.887.4411/fax: +1 202.887.4288
apierce@akingump.com

July 2, 2015

VIA ELECTRONIC COURT FILING

Hon. Cathy Seibel
United States Judge
Charles L. Brieant United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    Re:    *The Wave Studio, LLC v. American Express Company*
            Case No. 7:15-CV-03420-CS

            *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*
            Case No. 7:13-CV-9239-CS-PED

Dear Judge Seibel:

       This firm represents the defendant, American Express Company ("American Express" or "Defendant") in *The Wave Studio, LLC v. American Express Company*, Case No. 7:15-CV-03420-CS. Pursuant to the Court's ruling on June 18, 2015, we write in advance of the August 19, 2015 bench ruling to request a stay of its case now that it is consolidated with *The Wave Studio, LLC v. General Hotel Management Ltd., et al*, Case No. 7:13-CV-9239-CS-PED ("GHM litigation").

       By way of background, on April 30, 2015, American Express and The Wave Studio, LLC ("Wave" or "Plaintiff") consented to a transfer to the Southern District of New York. On May 4, 2015 this Court accepted this case and deemed it related to the GHM litigation pursuant to Local Civil Rule 13. On June 18, 2015, this Court consolidated the above captioned cases.

## GHM Litigation Stay

       In the GHM litigation, a stay was previously issued on July 2, 2014 as to all 58 defendants other than General Hotel Management Ltd. ("GHM"). The central claim in the GHM litigation is that GHM exclusively hired photographer, Junior Lee to photograph GHM properties. Amend. Compl., *Gen. Hotel Mgmt.*, 7:13-cv-09239-CS-PED (S.D.N.Y. Apr. 23, 2014), ECF No. 7 at ¶ 73. As both GHM and Wave admit in their pre-motion letters for a stay in 2014, the crux of the GHM litigation is whether GHM had the right to use and distribute the Plaintiff's photographs. Letter Mot. re: Conf., *Gen. Hotel Mgmt.*, 7:13-cv-09239-CS-PED



July 2, 2015
Page 2

(S.D.N.Y. June 18, 2014), ECF No. 50 at 2.  In the pre-motion hearing, GHM stated "the defendants in the case are our marketing partners who obtained these photographs because we wanted them to have them and we wanted them to market the hotel."  Conf. Tr., *Gen. Hotel Mgmt.*, 7:13-cv-09239-CS-PED (S.D.N.Y. July 2, 2014), at 7-8.  GHM went on to say about the defendants, "frankly, they're innocent infringers, which is why we proposed this approach."  *Id.* at 8.  GHM clarified that there were some defendants that did not receive the photographs directly from GHM.  To determine which defendants were interconnected with GHM, the parties agreed to let GHM decipher which defendants were GHM partners.  *Id.* at 12-13.[1]  The parties acknowledged that without a stay the expenses of litigation would be astronomical because even the number of lawyers that would need to be present at deposition would be overwhelming.  Further, without a stay all defendants would initiate cross-claims against GHM, which would further compound the cost of litigation and unnecessarily expend judicial resources.

Accordingly, in GHM's June 26, 2014 letter, it stated "Plaintiff has no objection to litigating the issue of GHM's purported rights to use and distribute Plaintiff's intellectual property <u>before</u> addressing the purported rights of any other Defendants deriving therefrom . . . "  Letter Mot. re: Resp. Def.'s Pre-Mot. Letter, *Gen. Hotel Mgmt.*, 7:13-cv-09239-CS-PED (S.D.N.Y. June 26, 2014), ECF No. 60 at 1.  This Court issued a stay to allow GHM and Wave to resolve the issue of rightful ownership because it would be a dispositive ruling for the other defendants.  Order, *Gen. Hotel Mgmt.*, 7:13-cv-09239-CS-PED (S.D.N.Y. June 26, 2014), ECF No. 67.  Now, Wave claims to oppose a stay for American Express unless American Express can prove all of the photographs in its Complaint derived from GHM.

## American Express's Request for a Stay

The American Express litigation was consolidated with the GHM litigation because at least at this early stage, the central question in each is the same – whether Junior Lee retained the rights to her photographs.  The purpose of the consolidation was to conserve judicial resources and avoid duplicating discovery efforts.  This very purpose will be undermined if the stay does not apply to American Express.

---

[1] Counsel for GHM stated: "To the extent the plaintiff wants us to identify who doesn't belong in the case because they're independent of GHM, I don't have a problem with that being part of the discovery scope or I think just informally, and the point being the plaintiff may not want to stay the case as to those defendants because they're not affected by the threshold issue."  Conf. Tr., Gen. Hotel Mgmt., 7:13-cv-09239-CS-PED (S.D.N.Y. July 2, 2014) at 12-13.  Counsel for Plaintiff responded, "But we have no objection to staying the case as to those other defendants before we find out whether or not they should be proper parties pursuant to our original theory of the case."  *Id.* at 13.  Notably, the Court asked counsel to repeat this statement and he did.



July 2, 2015
Page 3

All hotels at issue in the American Express litigation are or were managed or promoted by GHM. Further, the hotels are either named defendants in the GHM litigation or otherwise identified by Wave as GHM hotels in the GHM Amended Complaint. Amend. Compl., *Gen. Hotel Mgmt.*, 7:13-cv-09239-CS-PED (S.D.N.Y. Apr. 23, 2014), ECF No. 7 at ¶ 10. Wave alleges in the American Express Complaint that photographs were improperly published on six websites.[2] American Express has advised Wave that at least three of the American Express-branded websites were hosted and/or managed by current or former defendants in the GHM litigation. These entities provided all images appearing on those sites. With respect to the FHR site, managed by American Express, the current or former GHM hotels themselves provided the images. American Express has explained to Wave that American Express' agreements with current defendants in the GHM litigation, like Orbitz Worldwide LLC ("Orbtiz") and Travelocity.com LP ("Travelocity") contain indemnification provisions. Thus far, Orbitz has agreed to indemnify American Express for Wave's claims relating to the Orbitz-managed website. If the case proceeds against American Express, American Express will have to bring cross-claims against every potential indemnitor that are current defendants in the GHM litigation. In short, although American Express is the named party, the majority of any litigation would involve present or former defendants in the GHM litigation who are awaiting resolution of whether they were provided photographs by GHM lawfully.

Notably, neither Wave nor GHM have identified any evidence to suggest that the photographs allegedly improperly published on American Express-branded websites derive from any source other than GHM. And as Wave knows, GHM is in the process of determining which defendants are GHM-affiliated. There is every indication that the third parties that American Express received the photographs from received the photographs from GHM and thus are rightfully benefiting from the stay in the GHM litigation. If the stay does not apply to American Express, these same parties will now have to be involved in duplicative discovery alongside GHM.

## Legal Authority

The Court has broad discretion to control pretrial procedures. *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971). A court "may decide in its discretion to stay civil proceedings pursuant to the power inherent in every court to control the disposition of the causes on its docket . . . [t]he party seeking a stay bears the burden of establishing its need. When

---

[2] These websites are americanexpressfhr.com, amextravel.com, travel.americanexpress.com, go.americanexpress-travel.com, travelandleisure.com, and travelandleisureasia.com. Time Inc., is the current owner of travelandleisure.com and travelandleisureasia.com.



July 2, 2015
Page 4

considering whether to enter a stay, the basic goal is to avoid prejudice." *Nautilus Neurosciences, Inc. v. Fares*, No. 13 CIV. 1078(SAS), 2013 WL 3009488, at *2 (S.D.N.Y. June 14, 2013).  This Circuit generally considers five factors when deciding whether to grant a stay pending the outcome of a related action: (1) the private interests of the Plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the Plaintiffs if delayed; (2) the private interests of and burden on the Defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *GTFM, Inc. v. Park*, No. 02 CIV. 7020(DLC), 2002 WL 31890940, at *2 (S.D.N.Y. Dec. 30, 2002) (citations omitted) (denying stay pending resolution of appeals in a related case).  The burden is on "the movant to make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Pippins v. KPMG LLP*, No. 11 CIV. 0377(CM), 2011 WL 1143010, at *6 (S.D.N.Y. Mar. 21, 2011) (holding movant made no argument regarding hardship or inequity) (citing *Consol. Edison Co. of N.Y. v. United States*, 30 F.Supp.2d 385, 389 (S.D.N.Y.1998)) (internal citations omitted).

       All five factors weigh in favor of granting American Express's request for a stay.  All parties will be best served by awaiting the resolution of the GHM dispute with Wave over ownership of the photographs.  A stay of proceedings will preserve resources by, among other things preventing wasteful discovery into ownership, procurement, and use of the photographs when it is highly likely that only GHM has exposure here.  Further, the interests of American Express, the other defendants, the Court, and the public plainly favor a stay, as proceeding with Wave's claims against American Express will undermine the Court's current stay.  Specifically, proceeding with Wave's claims against American Express will greatly prejudice American Express and the other defendants because it will commence the litigation of claims that are already stayed as to GHM defendants who hosted and/or managed the American Express-branded websites.

       There is also no substantial burden or prejudice to Wave because the litigation against GHM is proceeding to determine who owns the rights to the photographs at issue, which will impact the rest of the defendants.  Should Plaintiff prevail in demonstrating that it holds the copyright to the photographs at issue, nothing precludes Plaintiff from then litigating against the remaining defendants, including American Express to establish that Plaintiff's copyright was subsequently infringed.  Moreover, based on a similar analysis this Court granted a stay to which Wave formerly consented.  Thus, it is in the interest of the Court to extend the stay as to American Express to maintain consistent outcomes.



July 2, 2015
Page 5

      Based on the foregoing, American Express respectfully requests that this consolidated action be stayed until such time as the stay is lifted in the GHM litigation.

                              Respectfully submitted,

                              /s/ Anthony T. Pierce

cc:    Nate Garhart, Cobalt, LLP, Counsel for Plaintiff
        Vijay K. Toke, Cobalt, LLP, Counsel for Plaintiff